NEEL et al. v. IRON CITY SAND CO.

(Circuit Court of Appeals, Third Circuit. January 25, 1907.)

No. 65.

1. SALVAGE—VOLUNTARY SERVICE.

The Return, having broken her shaft, was floating helplessly on the Ohio river, when she made signals of distress to libelants' steamboat, in response to which the latter made fast its tow to a telegraph pole on the river bank and went to the Return's assistance. The Return was without means to get out a line, and was in grave peril of drifting against the wall of a dam, or another obstruction below, when libelants' vessel took her to a landing. Held, that the service rendered by libelants' vessel was voluntary, and constituted a salvage service.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Salvage, §§ 14, 28.]

2. SAME—AWARD—AMOUNT.

A decree awarding libelants $25, and directing each party to pay their own costs, was inadequate; libelants being entitled to at least $100, with costs in the trial court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Salvage, §§ 70, 71.

Salvage awards, see note to The Lamington, 30 C. C. A. 280.]

3. SAME—COURT OF ADMIRALTY—SALVAGE SERVICE—JURISDICTION.

Where a charge for landing a steamer in distress was really a claim for salvage, it was rightfully cognizable by a court of admiralty in a proceeding wherein the members of the salving vessel's crew could participate; and hence such claim was properly withdrawn from an action by the owner of the salving vessel in a state court against the owner of the vessel saved to recover on an account for services rendered, etc.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Salvage, § 117.]

Appeal from the District Court of the United States for the Western District of Pennsylvania.

L. C. Barton, for appellants.
Wm. A. Stone, for appellee.

Before DALLAS and GRAY, Circuit Judges, and LANNING, District Judge.

DALLAS, Circuit Judge. This is an appeal from a decree in admiralty in a suit which was instituted by the appellants to recover for salvage services claimed to have been rendered to the steam vessel Return. The District Court awarded the libellants the sum of $25, and ordered each party to pay its own costs. We have considered the case de novo, upon the only questions it involves. They are: (1) Was the aid which was rendered to the Return a salvage service, or one of towage merely? (2) If in fact and in law it was a salvage service, was the libelant precluded from asserting it to be so?

1. On March 11, 1902, the Return, having in tow a flat laden with sand, had broken her shaft and was floating helplessly upon the Ohio river. The steamboat George W. Moredock, by whose master and crew the service in question was rendered, was bound down the river, and to her the Return made signals of distress. The Moredock, in response, detached the coal-laden flat which she was towing, and, having made it fast to a telegraph pole on the river bank, went to the assistance of the Return. The small boat of the latter had been sent ashore "to telephone," and as this left her without means of getting out a line, she was likely to drift against the wall of the Davis Island dam, or the Bear Trap, below. The Moredock took her to a landing. She had been in grave peril, and her attainment of a place of safety was unquestionably due to the help which she asked for and received. The service, then, was rendered in saving a vessel which was in danger from a maritime misadventure, and, as it was rendered by persons who were under no obligation to render it, it is impossible to regard it otherwise than as a service of salvage. The case of The C. D. Bryant (D. C.) 19 Fed. 603, referred to by the learned proctors of the appellee, is plainly distinguishable. That case involved the consideration of the Oregon pilot act of 1882 (Sess. Laws 1882, p. 15), under which a pilot was bound to render aid to a vessel "in stress of weather, or in case of disaster"; and it was held to be the duty of the pilots subject to that act to give whatever assistance might be required of a pilot as such, without other compensation than that prescribed by the law, unless he thereby incurred "extraordinary danger and risk." But in this case the rendition of the service was voluntary, and no statutory duty or requirement is in question.

2. The owner of the George W. Moredock brought an action in a Pennsylvania court against the owner of the Return to recover upon an account for services rendered, in which was included a charge of $25 for "landing steamer Return," etc. But this charge was subsequently withdrawn from that suit, and properly so, because, as the claim was really for salvage, it was rightly cognizable by a court of admiralty, and in a proceeding wherein the members of the Moredock's former crew could participate.

Having reached the conclusion that the service rendered was one of salvage, and that the libellants were entitled to have it so considered, we think it obvious that, while the award ought not to be a large one, the sum fixed by the decree appealed from is too small, and that the order as to costs was not as favorable to the libellants as it should have been. Therefore the decree is reversed, with costs to the appellants in this court, and the cause will be remanded to the District Court, with direction to enter a decree awarding to the libellants the sum of $100, with costs in that court.